IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>EVERYTHING HEALTH INVESTMENTS, LLC,<br><br>    Defendant. | Case No: 4:25-cv-00527 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

  Everything Health Investments, LLC ("Defendant") answers Plaintiff's Complaint as follows:

### Preliminary Statement

  1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

  **ANSWER: Defendant states that paragraph 1 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 1 contains any allegations, denied.**

  2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

1

solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. Id. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** **Defendant states that paragraph 2 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 2 contains any allegations, denied.**

3. Plaintiff Jeffery Blubaugh ("Plaintiff") brings this action under the TCPA alleging that Everything Health Investments, LLC ("Everything Health") sent telemarketing calls promoting goods and services, including calls using pre-recorded messages and calls to numbers that were on the National Do Not Call Registry, such as the Plaintiff. Those calls were made without the call recipient's prior express written consent.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action under the TCPA, which speaks for itself. Except as expressly admitted herein, Defendant denies the remaining allegations of this paragraph and further denies any wrongdoing. Defendant further denies that Plaintiff or the putative class members have any causes of action against Defendant or are entitled to any relief whatsoever against Defendant, and states that any purported class treatment of this action is wholly inappropriate.**

4. Due to the en masse nature of telemarketing, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of classes defined in paragraph 39 below. Except as expressly admitted herein, Defendant denies the remaining allegations of this paragraph and further denies any wrongdoing. Defendant further denies that Plaintiff or the putative class members have any causes of action against Defendant or are entitled to any relief whatsoever against Defendant, and states that any purported class treatment of this action is wholly inappropriate.**

2

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER: Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.**

## Parties

6. Plaintiff is an individual who resides in Independence, Missouri.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies same.**

7. Defendant Everything Health Investments, LLC is a Florida-based limited liability company who may be served with process by serving its Registered Agent, Eric Bernstein, at 550 Fairway Drive, Deerfield Beach, FL 33441.

**ANSWER: Defendant admits that it has a presence in Florida and that it is a limited liability company. Defendant further admits that Mr. Bernstein was its registered agent at the time of purported service. Defendant does not contest service in this case. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the remaining allegations in Paragraph 7, if any.**

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER: The allegations in paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, subject to its affirmative defenses, Defendant does not contest jurisdiction of this court.**

9. Everything Health is subject to specific personal jurisdiction because it directed the calls at issue into this district.

**ANSWER: The allegations in paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, subject to its affirmative defenses, Defendant does not contest jurisdiction of this court.**

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent into this District.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore denies same.**

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER: Defendant states that paragraph 11 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 11 contains any allegations, denied.**

12. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. See 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER: Defendant states that paragraph 12 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 12 contains any allegations, denied.**

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). See 47 U.S.C. § 227(b)(3).

**ANSWER: Defendant states that paragraph 13 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 13 contains any allegations, denied.**

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:** Defendant states that paragraph 14 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 14 contains any allegations, denied.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

**ANSWER:** Defendant states that paragraph 15 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 15 contains any allegations, denied.

16. [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**ANSWER:** Defendant states that paragraph 16 of Plaintiff's Complaint contains no allegations and requires no response. To the extent paragraph 16 contains any allegations, denied.

**Factual Allegations**

17. Everything Health is an insurance company.

**ANSWER:** Defendant admits the allegations contained in paragraph 17.

18. One of Everything Health's strategies for generating leads is placing telemarketing calls.

**ANSWER:** Defendant admits that a portion of its business includes the placing of calls for purposes of telemarketing. Defendant denies the allegations contained in paragraph 18 accurately characterize the nature of its business and lead generation strategies.

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER: The allegations in paragraph 19 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action as a natural person.**

20. Plaintiff's telephone number, (641) 347-XXXX, is a non-commercial telephone number not associated with any business.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore denies same.**

21. Plaintiff's telephone number, (641) 347-XXXX, is used for personal residential purposes only.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore denies same.**

22. Plaintiff's telephone number has been listed on the National Do Not Call Registry since July 2, 2024.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint, and therefore denies same.**

23. Plaintiff has never been an Everything Health customer and never consented to receive calls from Everything Health.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. Despite that, the Plaintiff received at least six calls from Everything Health from July 15, 2024 to March 21, 2025.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint, and therefore denies same.**

25. All of the calls came from the same (641) 814 Caller ID exchange.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26. Plaintiff rejected the first call, which was received on July 15, 2024.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27. On August 14, 2024, Plaintiff received the second call. This time he answered and was greeted with a pre-recorded message.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

28. The recorded message advertised the availability of healthcare.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of the Complaint, and therefore denies same.

29. The call was clearly pre-recorded because (a) there was a pause before the recording played and the robot started speaking, and (b) the robot had a generic monotone voice.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint, and therefore denies same.

30. The Plaintiff responded to the pre-recorded message to identify who was calling.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the Complaint, and therefore denies same.

31. During that call, Plaintiff was connected with an individual who identified himself as "Matthew Strang".

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore denies same.

32. It was later confirmed through Mr. Strang's email address (mstrang@everythingmedicare.com), that he was employed by the Defendant.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore denies same.**

33. On January 20, 2025, Plaintiff received another telemarketing call. When he connected with an agent, he told the caller that he was not interested.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore denies same.**

34. Despite Plaintiff expressing his lack of interest in Defendant's offerings, he received three additional calls—two on February 4, 2025, and a third on March 12, 2025.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint, and therefore denies same.**

35. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded.

**ANSWER: Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.**

36. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**ANSWER: Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.**

### Class Action Statement

37. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER: Defendant incorporates its response to the proceeding paragraphs of the Complaint herein by reference.**

38. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER: Defendant admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as an alleged member of the classes described in paragraph 39 below. Defendant denies that class certification is appropriate in this case.**

39. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **Robocall Class**: Plaintiff and persons throughout the United States (1) to whom Everything Health placed a call, or someone did on their behalf, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Everything Health customer or accountholder, (3) in connection with which Everything Health used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

**ANSWER: Defendant denies that class certification is appropriate in this case.**

40. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of the Complaint, and therefore denies same.**

41. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Defendant admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as an alleged member of the classes described in paragraph 39 above. Defendant denies the remaining allegations in paragraph 41. Defendant further denies that class certification is appropriate in this case.

42. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:** Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:** Defendant admits that this Complaint purports to seek injunctive relief and monetary damages. Defendant denies that Plaintiff is entitled to any relief.

44. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:** Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:** Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

99224\326243196.v1

**ANSWER:** **Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.**

48. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** **Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.**

49. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** **Defendant denies the allegations contained in paragraph 49, including subparts a. through c.**

50. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 of the Complaint, and therefore denies same.**

51. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** **Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.**

52. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER: Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.**

53. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 of the Complaint, and therefore denies same.**

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER: Defendant incorporates its response to the proceeding paragraphs of the Complaint herein by reference.**

55. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER: Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.**

56. Defendant's violations were negligent, willful, or knowing.

**ANSWER: Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.**

57. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

12
99224\326243196.v1
Case 4:25-cv-00527-FJG   Document 10   Filed 09/10/25   Page 12 of 16

members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER: Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.**

58. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER: Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.**

## SECOND CAUSE OF ACTION
## Statutory Violations of the Telephone Consumer Protection Act
## U.S.C. § 227(b)) on behalf of the Robocall Class

59. Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

**ANSWER: Defendant incorporates its response to the proceeding paragraphs of the Complaint herein by reference.**

60. Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.

**ANSWER: Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.**

61. As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER: Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.**

62. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

**ANSWER: Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.**

63. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**ANSWER: Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.**

Defendant denies the allegations after Plaintiff's "WHEREFORE" section, including each and every allegation in the subparagraphs A through E, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has sustained no damages.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff has sustained any damages, such damages are attributable, whole or in part, to third parties for which Defendant has no control.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained any damages, Plaintiff has failed to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

99224\326243196.v1

Plaintiff's claims are barred by the defenses of setoff and recoupment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, release and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant's actions or inactions were taken in good faith and in accordance with Missouri law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or may be barred, because the claimed injuries or damages were not proximately caused by any acts or omissions of Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

Damages alleged by Plaintiff are speculative, lack any viable legal basis, and are not causally connected to Defendant's conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls and messages at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement these affirmative defenses as discovery proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;
2. For dismissal of the Complaint with prejudice;
3. That the Court award Defendant costs and reasonable attorneys' fees;
4. For such other relief as the Court deems just and proper.

Respectfully submitted,

**HINSHAW & CULBERTSON, LLP**

By: */s/ James M. Brodzik*
James M. Brodzik, #66700
Joshua C. Hinkle, #72845
701 Market Street, Suite 260
St. Louis, MO 63101
P: 314-241-2600
F: 314-241-7428
jbrodzik@hinshawlaw.com
jhinkle@hinshawlaw.com

Attorneys for Defendant
EVERYTHING HEALTH INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 10th day of September, 2025.

*/s /James M. Brodzik*