**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 4:25-cv-00527-FJG |
| Plaintiff, | Hon. Fernando J. Gaitan, Jr. |
| v. | |
| EVERYTHING HEALTH INVESTMENTS, LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF PAGE LIMIT AND FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S COMBINED MOTION FOR SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS**

Plaintiff Jeffery Blubaugh respectfully moves for an order: (1) enlarging the page limit for Plaintiff's Suggestions in Opposition to Defendant's Combined Motion for Summary Judgment and, in the Alternative, Motion to Strike Class Allegations; and (2) extending the deadline for Plaintiff to file that response until the Court rules on this Motion, and for one business day thereafter sufficient to permit filing in compliance with the Court's ruling. In support, Plaintiff states as follows:

1. On March 18, 2026, Defendant filed its Combined Motion for Summary Judgment and Suggestions in Support or, in the Alternative, Motion to Strike Class Allegations. ECF No. 17.

2. Under the current briefing schedule, Plaintiff's response is due on April 8, 2026. ECF No. 17.

3.     Local Rule 7.0(d)(1) provides that, unless the Court orders otherwise, opposing suggestions may not exceed 15 pages. The same Rule expressly contemplates that the Court may order otherwise. L.R. 7.0(d)(1).

4.     Plaintiff respectfully seeks leave to file an opposition brief of up to 27 pages, i.e., a 12-page enlargement beyond the default page limit.

5.     Good cause exists for this requested enlargement. Defendant did not file a straightforward summary judgment motion on a narrow issue. Instead, Defendant filed a combined motion seeking both summary judgment under Rule 56 and, in the alternative, an order striking Plaintiff's class allegations under Rule 12(f). ECF No. 17.

6.     Plaintiff's opposition necessarily addresses multiple distinct issues, including:

a. whether the alleged consent forms are legally sufficient under the TCPA and FCC regulations;
b.     whether     the     forms     identify     Defendant     as     "the     seller";
c. whether any signed written agreement exists between Plaintiff and Defendant;
d. whether the alleged electronic consent complies with the E-SIGN Act;
e. whether Defendant's third-party records and screen recordings are admissible and properly                                                                                     authenticated;
f. whether Defendant's evidence contains hearsay and multiple layers of hearsay;
g. whether Defendant has carried its burden on its affirmative defense of consent;
h. whether genuine disputes of material fact preclude summary judgment; and
i. whether Defendant's alternative Rule 12(f) motion is procedurally improper and premature

7.     The requested enlargement is also warranted because Defendant's motion relies on four separate alleged consent events, multiple exhibits, technical lead-verification records, and video exhibits, all of which Plaintiff must address in a single response.

8.     Plaintiff's response is complete and ready to file. Plaintiff seeks this limited relief only so that the opposition may be filed in compliance with the Court's page-limit requirements.

9. This request is made in good faith and not for purposes of delay. Plaintiff seeks only sufficient additional pages to present a complete and orderly response to the combined motion Defendant chose to file.

10. Plaintiff also respectfully requests that the deadline to file the opposition be extended until the Court rules on this Motion, and that Plaintiff then be given one business day after entry of the Court's order to file the opposition in conformity with that ruling. In the alternative, Plaintiff requests that any opposition filed within one business day after the Court's ruling be deemed timely.

11. This short extension will avoid the inefficiency and potential confusion of requiring Plaintiff either to file an overlength brief without leave or to file an artificially shortened brief that may omit issues raised by Defendant's combined motion.

12. The requested relief will not unfairly prejudice Defendant. Any corresponding adjustment to Defendant's reply deadline can be made by the Court if necessary.

13. Plaintiff attempted to confer with Defendant regarding the relief requested herein by emailing defense counsel and advising that Plaintiff intended to seek a 12-page enlargement on the motion for summary judgment opposition and asking whether the motion could be filed as unopposed. Plaintiff did not receive a response before filing this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. granting Plaintiff leave to file opposing suggestions of up to 27 pages;

2. extending Plaintiff's deadline to file his response to Defendant's Combined Motion (ECF No. 17) until the Court rules on this Motion;

3. permitting Plaintiff to file that response within one business day after entry of the Court's order on this Motion; and

4. granting such other and further relief as the Court deems just and proper.

Dated: March 25, 2026

Respectfully submitted,

By: */s/ Anthony Paronich*
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
Attorney for Plaintiff and the Putative Class
(*Pro Hac Vice*)

M. Cory Nelson, MO # 63357
MCN Law LLC
8600 W. 110th Street, Suite 214
Overland Park, KS 66210
Tel: (913) 358-5800
mcorynelson@mcnlawllc.com
*Local Counsel for Plaintiff and the Putative Class*